Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
ONE LLP
4000 MacArthur Boulevard
Each Tower, Suite 500
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
ONE LLP
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone:   (310) 437-8665
Facsimile:    (310) 943-2085

Attorneys for Plaintiff
Backgrid USA, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>CHIP & CO. INC., a North Carolina corporation; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, Backgrid USA, Inc., complains against Defendant, Chip & Co., Inc., a corporation, and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants and their agents reside and may be found in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California. Specifically, Defendant is a travel agency website that plans Disney Theme Park and Universal Studios vacations. It touts itself as an "Authorized Disney Vacation Planner" and provides exclusively Disney-related content to pique the interest of Disney tourists.  Moreover, Defendant targets California residents by posting special Disneyland deals that apply only to California residents. Further, Defendant sells advertising on its website that directly targets Southern California residents, including residents within this Judicial District, by, for example, advertising Los Angeles coffee shops, among others.  In addition, on information and belief, Defendant engages in a number of transactions with residents within this Judicial District, including those who use its services to book Disney vacations.

## PARTIES

3. Plaintiff Backgrid USA Inc. ("Backgrid") is a corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California.

4. On information and belief, Defendant Chip & Co., Inc. ("Chip & Co." or "Defendant") is a corporation existing under the laws of North Carolina, with its principal place of business located in Burlington, North Carolina.

5. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

*Backgrid and the Photographs that Frame This Dispute*

6. Backgrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7. Among many other in-demand photographs, Backgrid owns coveted photographs of Sophia Di Martino, Chloe Bennet, Dove Cameron, and Yana Perrault (hereinafter the "Celebrity Photographs"), among many more.

8. Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office. The Copyright registration information in attached hereto as Exhibit A.

*Defendant and Its Willful Infringing Activity*

9. Defendant Chip & Co. is a travel agency website that as an "Authorized Disney Vacation Planner," sells vacation options for families wishing to visit Disney and Universal Studios. To attract potential customers, Defendant posts extensive

3
**COMPLAINT**

Disney-related content on chipandco.com (hereinafter the "Website"), including the Celebrity Photographs that are at issue in this litigation. In addition to selling vacations, Defendant profits from selling advertising space on its Website.

10. While Chip & Co. has sixteen writers on its team, none of them reveal their last name, simply referring to themselves by their first name and last initial (e.g. "Chip C."). On information and belief, the writers do not reveal their last names in fear of liability for posting infringing content on the Website.

11. Chip & Co. is a sophisticated publisher of content. On the Website, it represents that it owns "some media copyright [] unless otherwise noted." Despite posting some of the Celebrity Photographs with credit, it failed to secure a license.

12. Chip & Co. has reproduced, distributed, displayed, and created unauthorized derivative works of the Celebrity Photographs on its Website without consent or license, as shown in Exhibit B.

13. Chip & Co. violated federal law by willfully infringing at least 8 photographs on, at least, the Website that are owned by Backgrid. Attached hereto as Exhibit B and incorporated herein by reference are true and correct screenshots of the Website, including screen shots of the 8 infringed photographs at issue in this lawsuit.

14. Moreover, Chip & Co. induced, caused, or materially contributed to the reproduction, distribution and public display of the Celebrity Photographs, and derivatives thereof, all while knowing or having reason to know of the infringement on the Website was without permission, consent, or license.

15. When the Backgrid Photographs are published by legitimate licensees, the photographs are published with Backgrid's credit. The photographed infringed by Chip & Co., did not credit Backgrid, but credited another third party. *See* Exhibit B.

16. On information and belief, Chip & Co. owns, operates, and controls the Website and did so at all times relevant to this dispute and financially benefits from the infringement of the Celebrity Photographs displayed thereto. On information and belief, Chip & Co. has driven significant traffic to its Website, and, therefore

revenues, in large part due to the presence of the sought after and searched-for Celebrity Photographs that frame this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and brand awareness as a direct consequence of their infringing actions.

17. Backgrid attempted to resolve this dispute without filing suit. Chip & Co. failed to respond to numerous e-mail requests to settle this matter.

## FIRST CLAIM FOR RELIEF
## (Copyright Infringement, 17 U.S.C. § 501)

18. Backgrid incorporates hereby reference the allegations in paragraphs 1 through 17 above.

19. Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

20. Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

21. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the Celebrity Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

22. All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

23. Backgrid has identified at least 8 instances of infringement by way of unlawful reproduction and display of Backgrid's photographs.

24. As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

25. Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing,

and utilizing its photographs by, among other things, virtue of Chip & Co.'s encouragement of the infringement and financial benefit it receives Backgrid's copyrights.

26. The wrongful acts of Defendants have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

27. The above-documented infringements alone would entitle Backgrid to a potential award of up to $ 150,000 in statutory damages for each infringed photograph, in addition to its attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photographs of Backgrid;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505; and

8. For any such other and further relief as the Court may deem just and appropriate.

Dated:  November 5, 2021  **ONE LLP**

By:  /s/ Joanna Ardalan
Joanna Ardalan

Attorneys for Plaintiff,
Backgrid USA, Inc.

# DEMAND FOR JURY TRIAL

Plaintiff Backgrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated: November 5, 2021                    **ONE LLP**

By: /s/ Joanna Ardalan
       Joanna Ardalan

Attorneys for Plaintiff,
Backgrid USA, Inc.